DECISION AND JOURNAL ENTRY
Appellants Thomas Maurer, Wayne County Sheriff, and the Ohio Adult Parole Authority appeal the decision of the Wayne County Court of Common Pleas that granted habeas corpus relief to appellee Stephen F. Fox. This Court reverses.
After completing a prison term for his conviction for trafficking in cocaine, Fox was placed on post release control pursuant to R.C. 2967.28. On September 21, 1999, Fox filed a petition for writ of habeas corpus in the Wayne County Court of Common Pleas, alleging that R.C. 2967.28 is unconstitutional because it violates the separation of powers doctrine and the Due Process Clauses of the United States and Ohio Constitutions. Citing Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, unreported, and State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, the trial court found R.C. 2967.28 to be unconstitutional, granted Fox habeas corpus relief, and ordered Fox's release from imprisonment.
Appellants timely appeal, asserting one assignment of error:
 ASSIGNMENT OF ERROR THE LOWER COURT ERRED WHEN IT HELD THAT [R.C.] 2967.28
VIOLATED THE UNITED STATES AND OHIO CONSTITUTIONS AND GRANTED STEPHEN FOX A WRIT OF HABEAS CORPUS.
Appellants argue that the trial court erred in determining that R.C. 2967.28, Ohio's post-release control statute, is unconstitutional. Appellants' assignment of error is well taken.
On August 3, 2000, the Ohio Supreme Court found that "R.C.2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio constitutions."Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph one of the syllabus. Accordingly, appellants' sole assignment of error is sustained.
The judgment of the Wayne County Court of Common Pleas is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BAIRD, P. J., SLABY, J., CONCUR.